IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JUANITA GOWDY, ) | CASE NO. 1:19 CV 738 |
| ) | |
| Plaintiff, ) | JUDGE DONALD C. NUGENT |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OF OPINION** |
| OHIO JOBS AND FAMILY SERVICES, ) | |
| ) | |
| Defendant. ) | |

*Pro se* Plaintiff Juanita L. Gowdy filed this action against Ohio Children and Family Services. Her Complaint, in its entirety, states:

> From -2009-2018- I what [sic] my name clear I do not have Abuse or Neglect case. So please remove abuse and neglect off of my good name Juanita Gowdy Cowen Bennett Baker I do not have any cases in my name with neglect or abuse because Judge Thomas F O'Malley put that on my name.

(Doc. No. 1 at 1). She does not specify the legal claims she is asserting in this action.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. # 2). That Application is granted.

**Factual and Procedural Background**

This is the eighth case Plaintiff has filed pertaining to a finding of abuse or neglect that lead to loss of her daycare license in 2007 and placement of her granddaughter with her biological father

in 2010.[1] All of the prior cases were dismissed under 28 U.S.C. § 1915(e) for failing to state a claim upon which relief may be granted. Plaintiff continues to allege in this case that charges of abuse and neglect were not brought against her. She gives no explanation or context for the allegation. She does not assert a legal claim. She asks this Court to clear her name.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the

---

[1] *See Gowdy v. Ohio Jobs and Family Servs.*, No. 1:14 CV 1003 (N.D. Ohio Sept. 17, 2014); *Gowdy v. Ohio Jobs and Family Servs.*, No. 1:14 CV 1353 (N.D. Ohio Oct. 21, 2014); *Gowdy v. Ohio Jobs and Family Servs.*, No. 1:14 CV 1479 (N.D. Ohio Nov. 10, 2014); *Gowdy v. Ohio Jobs and Family Servs.*, No. 1:14 CV 1535 (N.D. Ohio July 15, 2014); *Gowdy v. Ohio Jobs and Family Servs.*, No. 1:14 CV 1744 (N.D. Ohio Jan. 14, 2015); *Gowdy v. Mitchell*, No. 1:17 CV 801 (N.D. Ohio Apr. 27, 2017); *Gowdy v. State of Ohio*, No. 1:19 CV 625 (N.D. Ohio June 27, 2019).

allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998)

## Discussion

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that she is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question.

This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff indicates she resides in East Cleveland, Ohio. The Defendant is an Ohio government entity.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Even with that liberal construction, however, Plaintiff failed to properly identify a federal question in this case, and none is apparent on the face of the Complaint. This Court lacks subject matter jurisdiction over this case.

Up to this point, the Courts in this District have been tolerant of Plaintiff's *pro se* filings; however, there comes a point when the Court can no longer allow Plaintiff to misuse the judicial system at tax payer expense. The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. As the Supreme Court recognized: "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). This Court's ability to perform its duties is compromised when it is forced to devote limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80 (1991).

After a careful review of Plaintiff's conduct in this and other cases filed in the Northern District of Ohio, it is apparent that Plaintiff will continue to file cases against this Defendant based on these same incidents despite this Court's consistent dismissals of those cases for failure to state a claim. Congress first enacted an *in forma pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 342-43 (1948)). Proceeding *in forma pauperis*, however, is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998). Federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir.1989) (per curiam); *Levy v. Macy's, Inc.*, No. 1:13-cv-148, 2014 WL 49188, at *4-5 (S.D. Ohio Jan. 7, 2014); *Hopson v. Secret Service*, No. 3:12CV-770-H, 2013 WL 1092915, at *1-3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09-cv-1023, 2010 WL 2384535, at *2-3 (W.D. Mich. June 10, 2010). Plaintiff is cautioned that if she continues to file frivolous lawsuits, this Court may deny her request to proceed *in forma pauperis* and require payment of the full filing fee of $400.00. The Court may also enjoin her from filing any new actions without first obtaining leave of court. *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

**Conclusion**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e) for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: July 16, 2019

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.